UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THOMAS SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00573-JPH-MJD |
| | ) | |
| MATTHEW BROWN, | ) | |
| DANIEL BEDWELL, | ) | |
| KEVIN GILMORE, | ) | |
| BARBARA J. RIGGS, | ) | |
| D. HARLAN, | ) | |
| A. CHAMBERS, | ) | |
| STEVEN DONALDSON, | ) | |
| RICHARDSON, | ) | |
| POPE, | ) | |
| MIKE ELLIS, | ) | |
| SAMUEL BYRD, | ) | |
| CENTURION HEALTH INC, | ) | |
| SHELBY CRICHFIELD, | ) | |
| JENNIFER GARDNER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO AMEND, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Thomas Snow is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil action alleging that various Wabash Valley officials violated his constitutional rights. Mr. Snow has filed a complaint and a motion to amend. Because the motion to amend does not attach a proposed amended complaint, that motion, dkt. [10], is **denied without prejudice**. Mr. Snow may renew his motion if he attaches an amended complaint that identifies all claims against all defendants as required by Local Rule 15-1. In the meantime, because the plaintiff is a "prisoner," this Court has an

1

obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Mr. Snow has attached 35 pages of exhibits to his complaint. Those attachments—which appear to be evidence in support of the claims alleged in the complaint—can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (exhibits attached to the complaint are disregarded). To consider the exhibits at this point would circumvent the

"simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

## II. The Complaint

Mr. Snow has sued fourteen defendants: (1) Matthew Brown, (2) Daniel Bedwell, (3) Kevin Gilmore; (4) Barbara Riggs; (5) D. Harlan; (6) Sgt. A. Chambers; (7) Sgt. Steven Donaldson; (8) Officer Richardson; (9) Officer Pope; (10) Mike Ellis; (11) Samuel Byrd; (12) Centurion Health; (13) Shelby Crichfield; and (14) Jennifer Gardner. His complaint makes the following allegations.

### 1. Denial of Medical Care

In May 2022, Mr. Snow started having black diarrhea and abdominal pain. He saw Nurse Riggs and requested that she refer him to the provider, but she declined. Mr. Snow's symptoms worsened as he started to vomit everything he ate and his abdominal pain increased. Later in May, he requested to be seen by medical for emergency treatment, and several correctional officers denied him care. Near the end of May 2022, correctional officers told Mr. Snow that they would let Mr. Bedwell know of his need for care.

Mr. Snow complained about his symptoms to Sgt. Harlan and Sgt. Chambers one time after leaving medical, but they ignored his complaints. Another time, Mr. Snow talked with Sgt. Donaldson and he too denied him medical care. Eventually he was seen at medical, but Nurse Riggs refused to provide any treatment; she did not conduct an exam and ignored his symptoms. Mr. Snow requested to be seen by a physician, but Nurse Riggs refused his

3

request. It took Dr. Byrd over five months to see Mr. Snow, and during this time he was in severe pain. Dkt. 1 at 10–12, 16.

### 2. Excessive Force

After refusing to provide treatment, Nurse Riggs went and got Sgt. Harlan, Sgt. Chambers, and Officer Donaldson and told them to "get this asshole out of here." Sgt. Harlan yanked Mr. Snow's arm causing severe pain. Sgt. Harlan and Sgt. Chambers placed Mr. Snow in handcuffs and escorted him out of medical, denying Mr. Snow medical treatment. Mr. Snow was having difficulties walking because of the severe pain he was in; the officers ignored his pain and made threatening remarks to him. Mr. Snow was placed on "red tag," which meant he could not leave his cell. Kevin Gilmore approved of these officers' behavior and did nothing to control them. *Id.* at 13–14.

### 3. Denial of Due Process

Mr. Snow was subsequently charged with disorderly conduct for his actions related to the medical appointment and with assault for allegedly kicking one of the officers while he was being escorted back to his cell. Mr. Snow requested certain witnesses and evidence, but Defendant Richardson denied this request. Defendant Richardson also prevented Mr. Snow from signing the screening reports. Defendant Pope conducted Mr. Snow's disciplinary hearing and denied Mr. Snow's request for witnesses or additional evidence. Defendant Pope found Mr. Snow guilty on both charges. Mr. Snow was not permitted to speak and was found guilty on contradicting evidence. Mr. Snow received 30 days in segregation and demotion in class credit. Mr. Snow brought up the due

4

process violations to Mr. Gilmore, Mike Ellis, and Matthew Brown, and they ignored his requests. *Id.* at 14–16.

### 4. Retaliation

Mr. Snow alleges Defendants have retaliated against him since he filed a previous lawsuit against certain medical officers and correctional officers. *See Snow v. Wexford Health Sources, et al.*, No. 2:22-cv-00124-JPH-MKK (S.D. Ind. 2022). Mr. Snow contends that he had not received any conduct reports until after he filed the other lawsuit. Dkt. 1 at 17.

### 5. Relief Requested

Mr. Snow seeks injunctive relief in the form of getting his disciplinary conviction vacated and "expunged" from his jail record; getting released from behavioral health restrictive housing and being placed back in general population; getting seen immediately by a gastroenterologist and a specialist to help diagnose his medical issue; and obtaining a court order directing no further retaliation and preventing him from being transferred to another facility. *Id.* at 17–18. Mr. Snow also seeks money damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

### A. Claims that Are Dismissed

First, Mr. Snow's due process claims related to the disciplinary hearing must be dismissed. Mr. Snow alleges that, because of the disciplinary charges

against him, he lost credit time and was sentenced to 30 days in segregation. To the extent that Mr. Snow lost credit time, he cannot bring civil rights claim until after that disciplinary sanction has been reversed. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (challenge to the revocation of good-time credits must be brought in a habeas corpus action); *Morgan v. Schott,* 914 F.3d 1115, 1120 (7th Cir. 2019) (if judgment in a § 1983 action would necessarily imply the invalidity of prison disciplinary sanctions, the disciplinary proceeding must be overturned before the prisoner may bring the § 1983 action).

To the extent that Mr. Snow challenges the 30 days he was sentenced to spend in segregation, the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin,* 545 U.S. 209, 222 (2005); *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. Inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs,* 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley,* 405 F.3d 602, 608-09 (7th Cir. 2005).

Here, Mr. Snow has not alleged that he was sanctioned to sufficient time in segregation under sufficiently harsh conditions to implicate his due process rights. *See Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698-99 (7th Cir. 2009)

6

(determination of whether 240 days in segregation imposed an atypical, significant hardship could not be made at the pleading stage); *see also Atwater v. Nickels*, No. 21-2510, 2022 WL 1468698, at *1 (7th Cir. May 10, 2022) (citing *Marion*, 559 F.3d at 694-98) (same). Moreover, to the extent that Mr. Snow alleges that defendants Ellis, Gilmore, and Brown ignored his appeals of the disciplinary sanctions against him, there is no due process right to an appeal. *See Holland v. Warden*, No. 3:20-CV-302-DRL-MGG, 2020 WL 8812773, at *2 (N.D. Ind. June 10, 2020) ("While the right to procedural due process entitled Mr. Holland to certain enumerated rights, the right to an investigation on administrative appeal is not among them.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 459, 468 (7th Cir. 2001)). While Mr. Snow seeks as relief release from behavioral health restrictive housing, he has stated no facts to connect his current placement there with the disciplinary charges alleged in the complaint. Because all of Mr. Snow's claims against defendants Richardson, Pope, Ellis, and Brown are related to his disciplinary charges, all claims against these defendants are dismissed.

Mr. Snow's claim against defendant Crichfield must also be dismissed. Mr. Snow alleges generally that Ms. Crichfield violated his Eighth Amendment rights when she failed to investigate his grievances properly. These bare allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Similarly, Mr. Snow's claim that he "believes the defendants' actions were in retaliation to him filing grievances and the lawsuit" he filed at Case No. 2:22-

cv-124-JPH-DLP is insufficient to state a retaliation claim. To state a First Amendment retaliation claim, Mr. Snow must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (*citing Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). While filing grievances and lawsuits is protected First Amendment activity, Mr. Snow has not sufficiently alleged facts that would permit a conclusion that the defendants took any of the actions at issue *because of* these activities. Indeed, while Mr. Snow states that he believes the defendants retaliated against him because of his earlier lawsuit, that lawsuit was filed on March 31, 2022, and served in October of 2022, while the acts at issue in this case took place in May and June of 2022. Without an explanation of how the defendants in this case were even aware of Mr. Snow's lawsuit at the time of their actions, the Court cannot reasonably infer a retaliatory motive.

In addition, any claim that defendants Chambers and Harlan submitted false disciplinary charges against Mr. Snow because he threated to file a grievance against them must be dismissed. *Davenport v. Szczepanski*, 704 F. App'x 602, 603, 2017 WL 6033040 (7th Cir. 2017); *Bridges*, 557 F.3d at 555 ("it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment protected grievance").

8

Mr. Snow's allegation that defendant Gardner blocked him from making attorney calls must also be dismissed for failure to state a claim upon which relief can be granted because Mr. Snow has not alleged sufficient facts to raise a right to relief on this claim above a speculative level.[1] *See Twombly*, 550 U.S. at 555.

Finally, Mr. Snow has failed to state a claim against defendant Centurion. Mr. Snow alleges that Centurion is the current contracted medical service provider for the Indiana Department of Correction. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983, and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff "must identify an action taken by the municipality, the requisite degree of culpability, and a causal link between the municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (internal citations omitted). Mr. Snow alleges no facts against Centurion in the complaint and therefore has failed to state a claim against this defendant.

---

[1] In addition, the Court notes that this claim—which does not appear to be related to Mr. Snow's medical claims—is likely not properly joined to his clams in this case. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits.").

9

### B. Claims that Will Proceed

The claims which shall proceed are the following.

Mr. Snow's claim that he was denied necessary medical care for his gastrointestinal issues shall proceed against defendants Riggs, Harlan, Chambers, Donaldson, Byrd, and Bedwell under the Eighth Amendment.

Mr. Snow's claim that defendants Harlan and Chambers exercised excessive force against him shall proceed against these defendants under the Eighth Amendment. Mr. Snow's claim that defendant Gilmore was aware that defendants Harlan and Chambers regularly engaged in excessive force and did not intervene shall also proceed under the Eighth Amendment.

This summary of claims includes all viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 17, 2023,** in which to identify those claims.

The **clerk is directed** to terminate Brown, Richardson, Pope, Ellis, Centurion Health, Crichfield, and Gardner as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Defendants Riggs, Bedwell, and Byrd are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

### V. Motion for Preliminary Injunction

Mr. Snow has filed a motion for a preliminary injunction, in which he asks to be moved out of segregation and to be seen by a gastroenterologist. Dkt. 11. Any claim based on Mr. Snow's placement in segregation has been dismissed[2] and it appears from the complaint and the motion for a preliminary injunction that his continued maintenance in segregation is only tangentially related to the disciplinary action he alleged in his complaint. The Magistrate Judge is nonetheless requested to hold a telephonic status conference to discuss Mr. Snow's assertions that he still is not receiving necessary care for his gastrointestinal condition.

**SO ORDERED.**

Date: 4/19/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[2] *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Distribution:

THOMAS SNOW
185044
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838


Electronic service to Indiana Department of Correction:
    Sgt. Harlan
    Sgt. Chambers
    Kevin Gilmore
    Sgt. Donaldson
    (All at Wabash Valley Correctional Facility)

Electronic service to Centurion:
    Barbara Riggs
    Samuel Byrd
    Daniel Bedwell

Magistrate Judge Dinsmore