UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

THOMAS SNOW,                                )
                                            )
                    Plaintiff,              )
                                            )
          v.                                )     No. 2:22-cv-00573-JPH-MJD
                                            )
SARA BEDWELL,                               )
BARBARA J. RIGGS,                           )
D. HARLAN,                                  )
A. CHAMBERS,                                )
STEVEN DONALDSON,                           )
SAMUEL BYRD,                                )
SHELBY CRICHFIELD,                          )
                                            )
                    Defendants.             )

**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Thomas Snow brought this action in December 2022 alleging

that Defendants failed to treat him for his black diarrhea and abdominal pain.

Dkt. 1.  In February 2023, he filed a motion for temporary restraining order

and preliminary injunction requesting to be seen by a gastroenterologist to

diagnose his medical issue.  Dkt. 11 at 6.  Mr. Snow then amended his

complaint in May 2023.  Dkt. 18.  Defendants Sara Bedwell, Dr. Samuel Byrd,

and Barbara Riggs, RN responded that the motion for preliminary injunction

was moot because Plaintiff had received a gastrointestinal examination on June

12, 2023. Dkt. 28 at 2.

Mr. Snow agrees that he saw the gastroenterologist but contends that the

gastroenterologist said that he would request an endoscopy and colonoscopy

for Mr. Snow, which have not been provided.  Dkt. 37 at 1. Mr. Snow requests

1

an injunction ordering Defendants to "carry . . . out that proper plan of

treatment and medications requested by the qualified specialist" and "to keep

monitoring [his] medical condition on a regular basis." *Id.* The Court ordered

Defendants to supplement their response with Mr. Snow's recommended and

actual medical treatment, including a "a complete record of Mr. Snow's

appointment with the gastroenterologist," but Defendants have been unable to

comply with that order and have requested an extension of time in which to do

so. *See* dkt. 53.

Because the relief requested in Mr. Snow's initial motion—a

gastroenterologist visit—has been provided, that motion is **denied without

prejudice** as moot.[1] Dkt. [11]; *see* dkt. 28 at 2–3; dkt. 37. To facilitate the

litigation of Mr. Snow's current claims for injunctive relief, the **CLERK IS

DIRECTED to retitle** Mr. Snow's request for injunctive relief at dkt. [37] as a

motion for preliminary injunction.

---

[1] Mr. Snow's initial motion also sought removal from the disciplinary idle housing unit, placement in general population, four hours of law library access without interference, a soy free diet, prohibition on all further retaliation, and to remain at Wabash Valley Correctional Facility. Dkt. 11 at 5-6. In his response to Defendants' argument that his motion was moot, Mr. Snow did not indicate that he continues to seek any of that relief. Dkt. 37. Moreover, a request for injunctive relief must be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). Because the other forms of relief initially requested to not relate to the medical care claims proceeding in this case, *see* dkt. 31 (screening order), they must be pursued first through the grievance process, and then by filing a separate lawsuit.

Defendants' motion to extend the deadline to provide Mr. Snow's medical records to November 15, 2023 is **GRANTED in part**.  Dkt. [53].  The Court ordered that supplementation on August 31, 2023, dkt. 40, and Defendants have not explained why they require until mid-November to obtain those records.  Indeed, Defendants knew at the time of the appointment on June 12, 2023, that the records would be relevant to this litigation.  *See* dkt. 28.  They shall have **through October 23, 2023** to provide the records to Mr. Snow and to the Court.  No further extensions of time should be anticipated.  Defendants also **SHALL RESPOND** to Mr. Snow's renewed motion for injunctive relief, dkt. 37, **by October 30, 2023**.

**SO ORDERED.**

Date: 9/28/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS SNOW
185044
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All electronically registered counsel

3